# EXHIBIT "A"

4/16/2019 4:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32790464
By: Carolina Salgado
Filed: 4/16/2019 4:13 PM

**2019-27031 / Court: 164**

CAUSE NO. _____

| | | |
|---|---|---|
| **DIANE NAVARRO PEREZ** § | | IN THE DISTRICT COURT |
| *Plaintiff,* § | | |
| § | | |
| V. § | | \_\_\_\_ JUDICIAL DISTRICT |
| § | | |
| **WAL-MART STORES TEXAS,** § | | |
| **LLC, D/B/A WALMART** § | | |
| **SUPERCENTER** § | | |
| § | | |
| *Defendant.* § | | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DIANE NAVARRO PEREZ**, hereinafter called Plaintiff, complains of and about **WAL-MART STORES TEXAS, LLC, D/B/A WALMART SUPERCENTER**, hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure 190. Plaintiff pleads that she seeks monetary relief in the amount over two hundred thousand ($200,000.00) but not more than one million ($1,000,000.00).

### PARTIES AND SERVICE

2. Plaintiff, **DIANE NAVARRO PEREZ**, is an individual who resides in Harris County, Texas.

3. Defendant, **WAL-MART STORES TEXAS, LLC, D/B/A WALMART SUPERCENTER**, is a foreign Limited Liability Company authorized to do business in the State of Texas, and service of process may be effected upon said Defendant by serving the

registered agent of the corporation, CT Corporation Systems, whose address is 1999 Bryan St., Suite 900, Dallas, TX 75201. Service of said Defendant as described above can be affected by personal delivery. *CITATION IS HEREBY REQUESTED.*

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over the parties because Defendant is a corporation incorporated and doing business in Texas.

6. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

7. At all times hereto, Defendants, **WAL-MART STORES TEXAS, LLC, D/B/A WALMART SUPERCENTER**, was the owner and/or occupier of the grocery market located at 2391 S Wayside Dr, Houston, TX 77023.

8. Plaintiff entered upon said premises for the purpose of grocery shopping. She entered on the said property of Defendant at the invitation of Defendant to engage in the act of shopping.

9. On or about January 19, 2018, Plaintiff was shopping at **WALMART SUPERCENTER**. While shopping at the store, she slipped and fell because of the slippery surface, which had remained on the floor for an unreasonable period of time. There were no signs posted adequately warning the customers like Plaintiff of the dangerous condition on the floor. As a result of this accident, Plaintiff sustained serious personal injuries for which she had to seek the immediate care of medical professionals.

## LIABILITY OF DEFENDANT, WAL-MART STORES TEXAS, LLC, D/B/A WALMART SUPERCENTER

10. At the time and on the occasion in question, Defendant, **WAL-MART STORES TEXAS, LLC, D/B/A WALMART SUPERCENTER**, owned or operated a store at 2391 S Wayside Dr, Houston, TX 77023. In setting up and maintaining its store, Defendant and its employees failed to use ordinary care by various acts of omissions and/or commissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

   a. In failing to monitor the condition of the floor;

   b. In failing to use caution signs;

   c. In failing to properly train its employees;

   d. In failing to warn others that a dangerous condition existed;

   e. In failing to clean waters on the floors; and

   f. In creating a hazard to others.

11. Such negligence, either singularly or in combination, proximately caused Plaintiff's injuries and resulting damages.

12. Nothing Plaintiff did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

## PREMISES LIABILTY

13. Plaintiff was an invitee on the premises in question occupied and/or controlled by Defendant. Defendant knew, or in the exercise of ordinary care, should have known of an unreasonable dangerous condition existing, via slippery substance/surface on the floor, that posed an unreasonable risk or harm to the general public, including Plaintiff, however failed to inspect and make safe or adequately warn her of the dangerous condition.

14. In the alternative, Plaintiff would show that she was a licensee on the premises in question occupied and/or controlled by Defendant. Defendant knew of an unreasonable dangerous condition existing on the floor, which posed an unreasonable risk of harm to the general public, including Plaintiff, but failed to make safe or adequately warn her of the condition. Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident in question.

## PROXIMATE CAUSE

15. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## MISNOMER OR MISIDENTIFICATION

16. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such as a "misnomer" and/or such parties are/were "alter egos" of parties named herein. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## DAMAGES FOR PLAINTIFF

17. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff was caused to suffer personal injuries, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

18. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

   a. The physical pain and mental anguish sustained from the date of slip and fall to the time of verdict herein;

   b. The physical pain and mental anguish that, in reasonable medical probability, will

be suffered after the date of verdict herein;

c. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies from the date of the injury to the time of verdict herein;

d. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies, which, in reasonable probability will be incurred in the future after the date of verdict herein;

e. Physical impairment which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the slip and fall to the date of verdict herein;

f. The physical impairment that, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein;

g. Physical disfigurement that has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the slip and fall to the date of verdict herein;

h. The physical disfigurement that, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

19. By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for that this lawsuit is brought.

20. As such, Plaintiff pleads that she seeks monetary relief in the amount over two hundred thousand ($200,000.00) but not more than one million ($1,000,000.00).

## JURY DEMAND

21. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury.

## REQUEST FOR DISCLOSURE

22. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that each and every Defendant discloses, within fifty (50) days of service of this request, the

information and material described in Rule 194.2(a) through (l).

## PRESERVING EVIDENCE

23. Plaintiff hereby requests and demands that Defendant preserves and maintains all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, and evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **DIANE NAVARRO PEREZ**, respectfully prays that Defendant, **WAL-MART STORES TEXAS, LLC, D/B/A WALMART SUPERCENTER**, be cited to appear and answer herein, and that upon a final hearing of the cause, Plaintiff recovers from Defendant, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully submitted,

**HIGDON LAWYERS**

*[signature]*

**PAUL A. HIGDON**
SBN: 09590700
**SE HO YI**
SBN: 24106611
2929 Allen Parkway, Suite 200
Houston, Texas 77019
paul@higdonlawyers.com
seho@higdonlawyers.com
staff@higdonlawyers.com -E-file
713/223-7300-Telephone
713/223-7331 Facsimile

**ATTORNEYS FOR PLAINTIFF**